UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE GIAC TRUONG BANH AND LEHANG PHAM,<br><br>   Plaintiffs,<br>v.<br><br>AURORA LOAN SERVICES, LLC,<br><br>   Defendant. | Case No.: CV 11-06365 PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 29)** |

Husband and wife Bruce Giac Truong and Lehang Pham (collectively "Plaintiffs") seek, among other things, an order preventing Defendant Aurora Loan Services, LLC ("Aurora") from foreclosing on real property located at 4028 Carracci Lane, San Jose, California 95135 (the "Property"). Aurora moves to dismiss Plaintiffs' First Amended Complaint ("FAC").[1] Plaintiffs oppose the motion.[2] On May 22, 2012, the parties appeared for a hearing. Having considered the arguments and evidence presented, the court GRANTS Aurora's motion to dismiss.

---

[1] *See* Docket No. 29 (Def.'s Mot. to Dismiss Pls.' FAC).

[2] *See* Docket No. 32 (Pls.' Opp'n to Def.'s Mot. to Dismiss).

1

Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.  BACKGROUND

On May 1, 2007, Plaintiffs signed an Adjustable Rate Note ("Note") in the amount of $930,000 in favor of Residential Mortgage Capital ("RMC").[3] On May 14, 2007, Plaintiffs recorded a Deed of Trust on the Property which conveyed a security interest in the Property to RMC.[4] On July 1, 2007, RMC endorsed and transferred the Note and Deed of Trust to Lehman Brothers Bank, FSB ("Lehman").[5] Lehman in turn endorsed and transferred its interest to a New York Mortgage Backed Security Trust named "Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N ("the Lehman XS Trust").[6] Also on July 1, 2007, RMC sold the servicing rights to Aurora.[7] On January 22, 2008, RMC ceased business operations.[8] On January 29, 2008, the Lehman XS Trust filed a termination notice with the SEC,[9] and on March 28, 2008, was dissolved.[10]

On February 20, 2009, Quality Loan Service Corporation ("Quality Loan Service") initiated foreclosure proceedings against the Plaintiffs by recording a notice of default and election to sell the Property under the deed of trust.[11] Quality Loan Service then sent Plaintiffs a notice of trustee's sale, which announced Quality Loan Service's intention to foreclose on the Property on November 30, 2009.[12] Quality Loan Service claimed to act on behalf of the original beneficiary under the Deed of Trust, Mortgage Electronic Registration Systems ("MERS"), as well as for the present

---

[3] *See* Docket No. 23 (Pls.' FAC) ¶ 11.

[4] *See id.* ¶ 12.

[5] *See id.* ¶ 13.

[6] *See id.*

[7] *See id.* ¶ 14.

[8] *See id.* ¶ 15.

[9] *See id.*

[10] *See id.* ¶ 16.

[11] *See id.* ¶ 17.

[12] *See id.*

2
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

beneficiary under the Deed of Trust.[13] On February 18, 2010, Aurora recorded a Corporate Assignment of Deed of Trust in which MERS, as nominee for RMC, purported to convey the beneficial interest in the Deed of Trust to Aurora.[14] On March 24, 2010, Aurora again recorded a Corporate Assignment of Deed of Trust, this time backdated to October 23, 2009.[15]

Plaintiffs filed this action on December 15, 2011,[16] and on March 7, 2012, Plaintiffs amended their complaint.[17] Plaintiffs' FAC alleges causes of action for the following: (1) Cancellation of Deed; (2) Slander of Title; (3) Wrongful Foreclosure; (4) violation of Cal. Civ. Code § 2923.5; (5) violation of Cal. Bus. Code § 17200; (6) violation of 12 U.S.C. § 2605 ("RESPA"); and (7) injunctive relief.[18]

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[20] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged

---

[13] *See id.* ¶ 18.

[14] *See id.*

[15] *See id.* ¶ 19.

[16] *See* Docket No. 1 (Pls.' Compl.).

[17] *See* Docket No. 23 (Pls.' FAC).

[18] *See id.*

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

3
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[22]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[23] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[24] However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[25] Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[26] The court "has an obligation to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt."[27] "However, even pro se pleadings must allege facts sufficient to allow a reviewing court to determine whether a claim has been stated."[28] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[29]

### III. DISCUSSION

The court begins with Plaintiffs' RESPA claim because under hey buddy it provides the basis for this court's jurisdiction over Plaintiffs' remaining state law claims.

---

[22] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[23] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[24] *See id.* at 1061.

[25] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[26] *Silva-Pearson v. BAC Home Loans Servicing, LP*, Case No. C 11-1491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 6, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[27] *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

[28] *Silva-Pearson*, 2011 WL 2633406, at *2 (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

[29] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiffs RESPA claim arises out of what it alleges were false responses to its Qualified Written Requests ("QWR").[30] Plaintiffs first allege that they sent a QWR to Aurora, and on November 16, 2009, Aurora responded to Plaintiffs' QWR.[31] According to Plaintiffs, Aurora misrepresented the true ownership of the Note and Deed of Trust when it responded that the loan was owned by U.S. Bank.[32] Plaintiffs allege this was false because on March 28, 2008, the Lehman XS Trust dissolved, and consequently its ownership of the Deed of Trust had already passed through to the certificateholders of the Trust by the date of Aurora's response.[33]

Plaintiffs also allege that they sent Aurora a second QWR, and that Aurora responded on November 12, 2012.[34] Plaintiffs allege that Aurora again misrepresented the true ownership of the Note and Deed of Trust because Aurora represented that the loan was owned by U.S. Bank National Association as trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N.[35] Plaintiffs allege this was false, again because on March 28, 2008, the Lehman XS Trust had already dissolved, and consequently its ownership of the Deed of Trust had already passed through to the certificateholders of the Trust by the date of Aurora's response.[36]

Plaintiffs allege that they have suffered harm because of Aurora's failure to adequately respond to Plaintiffs' QWR. Specifically, Plaintiffs allege they are unsure which entity holds the Note, and whether Plaintiffs' payments have properly been applied.[37] Plaintiffs also allege that they

---

[30] *See* Docket No. 23 (Pls.' FAC) ¶ 42.

[31] *See id.*

[32] *See id.*

[33] *See id.*

[34] *See id.* ¶ 43.

[35] *See id.*

[36] *See id.*

[37] *See id.* ¶ 44.

5
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

have "suffered actual damages, including but not limited to devastation of their reputation and credit rating, monetary damages, and the impending foreclosure of their home."[38]

In response, Aurora argues that Plaintiffs' RESPA claim is conclusory because it fails to detail precisely how Plaintiffs' correspondence was a proper QWR.[39] Aurora also argues that this cause of action should be dismissed because Plaintiffs have failed to allege any cognizable damages as a result of Aurora's alleged RESPA violation.[40]

For correspondence to qualify as a QWR, it must contain a statement that explains "the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower."[41] In addition, the correspondence must seek "information relating to the servicing of [the] loan."[42] District courts interpreting RESPA have concluded that "[a] letter cannot be 'qualified' under the statute if it does not relate to the servicing of the account, *i.e.* the allegation of an inaccurate account."[43]

Plaintiffs' RESPA allegations fall short of those standards. First, Plaintiffs have not alleged that their QWR specified why they believed their account was in error. Plaintiffs also do not allege

---

[38] *See id.* ¶ 45.

[39] *See* Docket No. 29 (Def.'s Mot. to Dismiss Pls.' FAC) at 15.

[40] *See id.* at 16.

[41] 12 U.S.C. § 2605(e)(1)(B)(ii).

[42] 12 U.S.C. § 2605(e)(1)(A).

[43] *See, e.g., Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1013-14 (N.D. Cal. 2009) (finding that party's letter to servicer disputing the validity of the loan and not its servicing, *e.g.*, whether the servicer had failed to credit the party's account for payments the party made pursuant to the loan, failed to state a claim under RESPA); *Pettie v. Saxon Mortg. Servs.*, Case No. C08-5089 RBL, 2009 WL 1325947, at *2 (W.D. Wash. May 12, 2009) (dismissing claim for failure to respond to a purported QWR where the QWR provided no justification for why the plaintiff believed the account was in error); *Harris v. Am. General Fin., Inc.*, Case No. Civ. A. 02-1395, 2005 WL 1593673, at *3-4 (D. Kan. July 6, 2005) (finding that plaintiffs' letter did not qualify as a QWR as a matter of law because it failed to include the account numbers, a statement that the account is in error, and to request any information); *Morequity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 900-01 (N.D. Ill. 2000) (finding that letter was not a QWR where "[n]one of the irregularities alleged in the [borrower's RESPA claim] relate in any way to the 'servicing' of the loan, as that term is defined in the statute").

6
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

that their QWR challenged how their loan was serviced, nor have they alleged any particular problems with the servicing of their loan.[44] The alleged inaccuracies Aurora complains of relate to the ownership of the loan, not an allegation of inaccurate accounting in its servicing.

Even assuming Plaintiffs' QWR was properly made, Plaintiffs have not plausibly alleged damages as a result of Aurora's failure to respond accurately to the QWR. Instead, Plaintiffs generally allege that Aurora's QWR response caused Plaintiffs to be "unsure," their reputations and credit rating were "devestat[ed]," they suffered "monetary damages," and they feared an "impending foreclosure."[45] Actual damages are available to compensate individual claims under section 6 of RESPA,[46] but "[a]lleging a breach of RESPA duties alone is not enough. A plaintiff must, at a minimum, allege that the breach resulted in actual damages."[47] As previously mentioned, uncertainty and impending harm, as opposed to actual harm, is insufficient to state a claim for damages under RESPA, and Plaintiffs' damages allegations must at least stem from the alleged harm.[48]

Because Plaintiffs' RESPA claim fails, the court need not address Plaintiffs' remaining state law claims. Given the early stage of the proceedings in this litigation, the court in its discretion declines to exercise jurisdiction over the remaining state law claims, unless and until

---

[44] *See* 12 U.S.C. § 2605(e)(1)(B)(ii) ("For purposes of this subsection, a qualified written request shall be a written correspondence . . . that includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."); *see also Consumer Solutions*, 658 F. Supp. 2d at 1013-14.

[45] *See* Docket No. 23 (Pls.' FAC) ¶¶ 44-45.

[46] *See* 12 U.S.C. § 2605(f)(1).

[47] *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 382-83 (D.N.J. 2006); *accord Abdollahi v. Washington Mutual FA*, Case No. C-09-00743-HRL, 2009 WL 1689656, *3 (N.D. Cal. June 15, 2009); *Fonua v. First Allied Funding*, Case No. C 09-497 SI, 2009 WL 816291, at *3 (N.D. Cal. Mar. 27, 2009).

[48] This is especially true here because Plaintiffs have not made mortgage payments in some time, and thus it is implausible that Plaintiffs were uncertain whether their mortgage payments were applied properly. *See* Docket No. 29 (Def.'s Mot. to Dismiss Pls.' FAC) at 16.

7
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs are able to plead a viable claim for relief.[49] The court therefore dismisses the state law claims without prejudice.

### IV.   CONCLUSION

Plaintiffs' RESPA claim is dismissed without prejudice for failure to state a claim and with leave to amend. Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15. Plaintiffs' remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction. Any amended complaint shall be filed no later than June 28, 2012.

**IT IS SO ORDERED.**

Dated: June 14, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[49] *Cf. Banh v. Bank of America*, Case No. 11-05744 HRL, 2012 WL 1670211, at *1 (N.D. Cal. May 14, 2012) (finding that plaintiffs essentially allege that defendant has no authority to foreclose on the property, and therefore declining "to exercise jurisdiction over plaintiffs' state law claims until and unless plaintiffs are able to plead a viable federal claim for relief").

8
Case No.: CV 11-06365 PSG
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**